UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAYLOR LAWRENCE,

    Plaintiff,

v.                                        CASE NO.:

BLUE CROSS BLUE SHIELD
OF FLORIDA HEALTH OPTIONS,

    Defendant.

## NOTICE OF REMOVAL

Defendant, Blue Cross and Blue Shield of Florida, Inc. ("BCBSF"), hereby files its Notice of Removal containing a short and plain statement of the facts which entitle BCBSF to removal as required by 28 U.S.C. §1446, and alleges:

1.    On or about July 30, 2010, Plaintiff, Taylor Lawrence, commenced this action in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, under Case No. 10-CA-009620, styled <u>Lawrence Taylor, Plaintiff v. Blue Cross Blue Shield of Florida Health Options, Defendant</u>. Plaintiff served process on BCBSF on August 16, 2010.

2.    In support of this Notice of Removal BCBSF is contemporaneously filing herewith the affidavit of Sheri M. Deen ("Deen Affidavit"), which, along with its Exhibit, is incorporated herein by reference.

3.    Contemporaneously filed herewith is a copy of the Complaint filed by Plaintiff in the State Court as well as copies of all process, pleadings, papers and orders, if any, now on file in the State Court pursuant to 28 U.S.C. §1446 (a), and Local Rule 4.02, Rules of the United States District Court for the Middle District of Florida.

4.  This Notice of Removal is being filed within thirty (30) days of receipt, through service of process or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based, and accordingly is filed by BCBSF in a timely manner. 28 U.S.C. §1446 (b).

5.  BCBSF removes this case pursuant to 28 U.S.C. §1446 as an action over which this Court has original federal question jurisdiction under 28 U.S.C. §1331. The action raises federal questions and is removable because the claims at issue are completely pre-empted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et. seq. ("ERISA").

6.  The Complaint sets forth that this is an action to recover health care benefits for alleged medical services rendered to Plaintiff, which are alleged to be covered under an employer provided group health insurance policy issued by BCBSF.

7.  Based on Plaintiff's Complaint, BCBSF reviewed its records and identified the corresponding healthcare plan pursuant to which benefit determinations were made. A review of BCBSF's records shows that a group contract was issued by BCBSF to Door Control, Inc., a private employer, for the purpose of providing health care expense coverage to its employees and eligible dependents within the meaning of ERISA. See, Deen Affidavit at ¶4.

8.  In addition, attached as Exhibit "1" to the Deen Affidavit is a copy of the Blue Options Small Group Benefit Booklet, which outlines the coverage available to Plaintiff, and the Group Summary Sheets showing the group's enrollment for the coverage period 2008 to present. See, Deen Affidavit at ¶5.

9.  Employer-sponsored or employer-provided health care plans are governed exclusively by ERISA. This federal Act "comprehensively regulates employee pension and

welfare plans." <u>Metropolitan Life Insurance Co. v. Massachusetts</u>, 471 U.S. 724, 732, 105 S.Ct. 2380, 85 L. Ed. 2d 728 (1985).

10. An "employee welfare benefit plan" is defined at §1002(1) of Title 29 of ERISA as follows:

> Any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, for the purchase of insurance or otherwise (A) **Medical, Surgical, or Hospital Care or Benefits in the event of sickness, accident, disability, death, or unemployment ... .**

(Emphasis supplied).

11. In <u>Metropolitan Life Insurance Co. v. Taylor</u>, 481 U.S. 58, 63-64, 95 L. Ed. 2d 55, 107 S.Ct. 1542, 1546-47 (1987), the Supreme Court held that a defendant may remove a state cause of action to federal court if ERISA completely pre-empts the state claims. Here, Plaintiff's claims for coverage are necessarily and exclusively based on an ERISA benefit plan. As the Eleventh Circuit noted in <u>Garren v. John Hancock Mutual Life Insurance Company</u>, 114 F. 3d 186, 187 (11th Cir. 1997), "[a] party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA pre-emption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." Plaintiff's Complaint pleads a common law breach of contract claim and relates to Blue Cross' alleged failure to pay for services pursuant to an ERISA plan. The damage that Plaintiff alleges in her Complaint (i.e., the failure to pay) and the relief requested go directly to the benefits available under the applicable plan.

12. This common law claim is clearly pre-empted by ERISA. <u>Mullénix v. Aetna Life & Casualty Co.</u>, 912 F.2d 1406 (11th Cir. 1990) (finding breach of contract action for failure to pay insurance benefits was pre-empted by ERISA); <u>Cromwell v. Equicor-Equitable HCA Corp.</u>,

3

944 F. 2d 1272, 1276 (6th Cir. 1991) (noting that "[i]t is not the label placed on a state law claim that determines whether it is pre-empted, but whether in essence such a claim is for the recovery of an ERISA plan benefit"); HCA Health Srvs. of Georgia, Inc. v. Employer's Health Insurance Co., 22 F. Supp. 2d 1390 (N.D.Ga. 1998), aff'd., 240 F.3d 982 (11th Cir. 2001) (finding provider's claims for quantum meruit, open account, and stated account under Georgia common law pre-empted by ERISA).

13. ERISA was designed to establish pension and welfare plan regulation "as exclusively a federal concern". Alessi v. Raybestos – Manhattan, Inc., 451 U.S. 504, 523, 101 S. Ct. 1895, 68 L. Ed. 2d 402 (1981). Congress' intent is evidenced in the statutory provision of ERISA which provides that ERISA shall supersede all state laws that "relate to" any employee benefit plans described in the statute. 29 U.S.C. §1144(n). The United States Supreme Court has described ERISA's pre-emption clause as "deliberately expansive," noting that Congress "intended to insure that plans ... would be subject to a uniform body of benefit law" with the goal of minimizing "the administrative and financial burden of complying with conflicting directives among States." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 142, 111 S.Ct. 478, 112 L. Ed. 2d 474 (1990).

14. The United States Supreme Court more recently reaffirmed ERISA's strong preemptive force in the case of Aetna Health Inc. v. Davila, 124 S.Ct. 2488 (2004). In Davila, two individuals sued their Health Maintenance Organizations under a Texas medical malpractice statute for payment for benefits not provided under the individuals' health care plans. The individuals argued that the Texas statute was an independent state law claim unrelated to ERISA. They further argued that they did not seek reimbursement for benefits denied them but rather tort damages from breach of a statutorily imposed duty of ordinary care. 124 S.Ct. at 2493-94. The

Fifth Circuit Court of Appeals had held that the claims were outside the scope of ERISA's preemptive reach, and thus the cases should be remanded to state court. The Supreme Court rejected this reasoning, and held that the individuals' causes of action, "brought to remedy only the denial of benefits under ERISA-regulated benefit plans, fell within the scope of, and are completely pre-empted by, ERISA § 502(a)(1)(B), and thus removable to federal district court." 124 S.Ct. at 2502.

15. In its analysis, the Davila Court held that the preemptive force of ERISA is stronger than only preempting a state law cause of action that "duplicates, supplements, or supplants the ERISA civil enforcement remedy." 124 S.Ct. at 2495. ERISA preempts state law claims even if the remedies provided under those state laws are different or more extensive or if the state law claims are not duplicative of ERISA. 124 S.Ct. at 2499.

16. The Davila Court disapproved of the circuit court's reasoning, that the individuals were asserting "tort" claims rather than "breach of contract" claims based on ERISA. 124 S.Ct. 2498. "[D]istinguishing between pre-empted and non-preempted claims based on the particular label affixed to them would 'elevate form over substance and allow parties to evade' the pre-emptive scope of ERISA simply 'by relabeling their contract claims as claims for tortious breach of contract.'" 124 S.Ct. 2498. Thus, the Court held that where the suit is brought to rectify a wrongful denial of benefits under an ERISA plan, the "relates to" requirement is satisfied regardless of the label placed on the claim, and therefore ERISA completely preempted the state law claims. 124 S.Ct. 2502.

17. There can be no doubt that a suit to recover benefits from an ERISA governed plan falls directly under 29 U.S.C. §1132, which provides for an exclusive federal scheme of civil enforcement of ERISA disputes. Ingersoll-Rand Co. v. McClendon, supra; Belasco v. WKP

Wilson & Sons, Inc., 833 F. 2d 277, 282 (11th Cir. 1987); Amos v. Blue Cross and Blue Shield of Alabama, 868 F. 2d 430, 432 (11th Cir. 1989); Brown v. Connecticut General Life Insurance Co., 934 F. 2d 1193, 1195-96 (11th Cir. 1991).

18. In Brown v. Connecticut General Life Insurance Co., the Eleventh Circuit discussed the fact that the well-pleaded complaint rule does not apply when there is ERISA "super pre-emption" and stated as follows:

> An exception to this rule is when Congress "so completely pre-empts" a particular area that any civil complaint raising the select group of claims is necessarily federal in character. The effect of this exception is to convert what would ordinarily be a state claim into a claim arising under the laws of the United States. This conversion of what would otherwise be state law claims into federal claims can be labeled "super pre-emption" to distinguish it from ordinary pre-emption, which does not have that effect.
>
> The Supreme Court has determined that ERISA "completely pre-empts" the area of employee benefit plans and thus converts the state law claims into federal claims when the state law is pre-empted by ERISA and also falls within the scope of the civil enforcement section of ERISA, Section 502 (a), 29 U.S.C. §1132 (a).

934 F. 2d at 1196 (citations omitted).

19. In Williams v. Wright, 927 F.2d 1540 (11th Cir. 1991), the Eleventh Circuit held that an ERISA plan "is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits." 920 F. 2d at 1543 (quoting Donovan v. Dillingham, 688 F. 2d 1367 (11th Cir. 1982) (en banc)). See also, Randol v. Mid-West Nat'l Life Ins. Co., 987 F. 2d 1547, 1550-51 n. 5) (11th Cir. 1993) ("commercially purchased insurance policy under which the procedures of receiving benefits are all dictated by the insurance carrier can constitute a plan for ERISA purposes").

20. In that the group plan involved in this matter was established by a private employer for the purpose of providing health care expense benefits to its employees, the claim here falls within the ambit of ERISA, and thus removal of the state action is clearly permitted.

21. As this action is properly removed from State court pursuant to 28 U.S.C. §1441(b) as a civil action in which this Court has original jurisdiction founded on a claim arising under the laws of the United States, it is removable without regard to the citizenship of the parties or the amount in controversy.

22. A copy of this Notice of Removal has been contemporaneously filed with the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, pursuant to the requirements of 28 U.S.C. §1446(d).

HOLLAND & KNIGHT LLP

By: /s/ Timothy J. Conner
Timothy J. Conner, Esquire
Florida Bar No. 767580
50 N. Laura St., Ste. 3900
Jacksonville, Florida 32202
(904) 353-2000
(904) 358-1872 (Facsimile)
Attorneys for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via U.S. Mail on this 15th day of September, 2010, on the following:

David Dunlap, Esquire
Harris, Guidi, Rosner, Dunlap & Rudolph, P.A.
1837 Hendricks Avenue
Jacksonville, FL 32207

_____
Attorney

#9767128 v1