IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2010-CA-009620 -XXXX
DIVISION:

TAYLOR LAWRENCE,

    Plaintiff,

v.

DIVISION CV-F

BLUE CROSS BLUE SHIELD
OF FLORIDA HEALTH OPTIONS,

    Defendant.
_____/

## COMPLAINT

Plaintiff, TAYLOR LAWRENCE, by and through her undersigned attorney, hereby sues Defendant Blue Cross Blue Shield of Florida Health Options, hereinafter referred to as "Blue Cross," and all facts being extant and material hereto alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of $15,000.00, but less than $75,000.00, exclusive of attorneys fees and costs.

2. Plaintiff TAYLOR LAWRENCE is in all respects, sui juris.

3. Defendant, "BLUE CROSS" is a corporation authorized to do business, and in fact doing business in Duval County, Florida.

4. Defendant "BLUE CROSS," issued to Harold Lawrence, natural parent of plaintiff Taylor Marie Lawrence, a group medical health insurance policy, Contract Number XJBH97433722, with an

effective date of October 1, 2005, under which the Plaintiff, TAYLOR LAWRENCE, was a named insured under said contract. A copy of such health plan is attached hereto as Exhibit "A."

5. At all times material hereto, Plaintiff, TAYLOR LAWRENCE, was the natural child of policy holder Harold Lawrence and was residing in the residential home with policy holder Harold Lawrence.

6. On or about February 21, 2009, Plaintiff TAYLOR LAWRENCE was a passenger in a vehicle owned by Shawn P. McLean and operated with his knowledge and consent by his daughter, Lauren McLean, on County Road 220 in Clay County, Florida.

7. At said time and place, Lauren McLean negligently operated her vehicle such that it collided with another vehicle, resulting in multiple injuries to Plaintiff TAYLOR LAWRENCE, including facial and dental injuries, fractures and other orthopedic injuries.

8. As a direct and proximate result of the multiple facial fractures and other orthopedic injuries, Plaintiff TAYLOR LAWRENCE was transported via Rescue to Shands Jacksonville Trauma Unit where she underwent medical treatment including multiple surgical procedures including, but not limited to, the extraction of teeth and the open reduction with internal wire fixation of her upper and lower jaw bones. Plaintiff's jaws and mouth were wired shut for a period exceeding sixty-two (62) days from the date of the incident and injuries described above.

9. Plaintiff subsequently sought medical treatment with Dr. Andrew Forrest, D.M.D. in Jacksonville, Florida, who made specific recommendations for significant medical treatment, including replacement of teeth and bridge work.

10. Plaintiff sought coverage for the medically necessary and recommended treatment pursuant to the policy of insurance which provides for "health care services to treat a condition resulting from an accident, not related to your job or employment." The injuries and conditions for which treatment was necessary arose out of the February 21, 2009 automobile accident.

11. Defendant "BLUE CROSS" has subsequently denied coverage and/or payment for such recommended treatment on the basis that such treatment was not presented within sixty-two (62) days of the occurrence of an accidental dental injury.

12. Plaintiff has followed the appeals process under her policy and appeals have been denied.

13. All conditions precedent to this action have either been satisfied or waived.

14. Plaintiff TAYLOR LAWRENCE has been forced to retain the services of the undersigned counsel in order to prosecute this claim and is obligated to pay reasonable attorneys fees on a contingency fee basis.

**BREACH OF CONTRACT**

Plaintiff, TAYLOR LAWRENCE, by and through her undersigned counsel, hereby adopts, realleges and reaffirms each and every allegation contained in paragraph 1 through 14 as set forth above, as though fully alleged herein and further alleges:

15. The essential purpose of the aforementioned Contract/Policy of Insurance was to provide or pay for essential, appropriate, timely, ongoing health care necessitated by a serious illness or injuries of the insured persons, including Plaintiff, TAYLOR LAWRENCE. A further essential purpose of such aforementioned contract was to provide peace of mind to such insured persons, such as Plaintiff TAYLOR LAWRENCE that such benefits would be reasonably provided in order to maximize recovery from illness or injury.

16. The aforesaid acts and/or omissions of the Defendant "BLUE CROSS" constitutes a breach of the aforesaid contract of health insurance.

17. As a direct and proximate result of the breach of contract as set forth above, Plaintiff TAYLOR LAWRENCE has sustained reasonably foreseeable, consequential and incidental damages, including, but not limited to:

    a. Physical impairment as a result of delay, denial of medical care;

    b. Delay and/or limitation of recuperation and/or worsening of medical condition;

    c.    Physical and mental pain and suffering;

    d.    Cost of medical care in the past and into the future.

WHEREFORE, the above premises considered, TAYLOR LAWRENCE demands judgment for breach of contract damages in excess of $15,000.00 against Defendant "BLUE CROSS," plus interest on all liquidated sums, costs and attorneys fees pursuant to F.S. §627.428 and 627.6698, and demands trial by jury of all issues so triable.

    Respectfully submitted,

    HARRIS, GUIDI, ROSNER,
    DUNLAP & RUDOLPH, P.A.

    *[signature]*

    DAVID M. DUNLAP, ESQUIRE
    Florida Bar Number: 0782051
    1837 Hendricks Avenue
    Jacksonville, Florida 32207
    Telephone (904) 398-9002
    Facsimile (904) 398-6547
    Attorneys for Plaintiff